**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 09-357-JBC**

**CHARLES STEWART AND
ELIZABETH STEWART,**                                                                          **PLAINTIFFS,**

**V.**                         **MEMORANDUM OPINION AND ORDER**

**ENCOMPASS INDEMNITY COMPANY,**                                                **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The court will deny Charles and Elizabeth Stewart's motion for partial summary judgment (R. 80) because KRS § 304.14-110 applies only to fraud and misrepresentations made in an application for an insurance policy, not to those made in a claim of loss.

Paragraph 10(b) of the Stewarts' insurance policy allows Encompass Indemnity Company to deny coverage if the Stewarts make misrepresentations, fraud, or false statements "as to eligibility or claim entitlement." R. 80 Ex. 1 at 118. The Stewarts argue that the provision is unenforceable because it conflicts with the following section in the Kentucky Insurance Code:

> 304.14-110. Representations in *applications*.
>
> All statements and descriptions in any *application* for an insurance policy ... shall be deemed to be representations and not warranties. Misrepresentations, omissions, and incorrect statements shall not prevent recovery under the

1

> policy or contract unless either:
>
> (1) Fraudulent; or
>
> (2) Material either to the acceptance of risk, or to the hazard assumed by the insurer; or
>
> (3) The insurer in good faith either would not have issued the policy or contract, or would not have issued it at the same premium rate ….

KRS § 304.14-110 (emphasis added). The statute restricts an insurer's ability to deny coverage when misrepresentations, omissions, or incorrect statements are made in an application for an insurance policy. It does not apply to this action because Encompass is claiming that the Stewarts misrepresented matters in their claims of loss after the fire, not in their original application for the insurance policy. R. 85 at 2.

The Stewarts attempt to extend the statute's plain language so that it also applies to claims. The parties have not cited, and the court has not found, a case in which a court gave the statute such an expansive reading. Every court that has applied the statute has done so when a party made a misrepresentation in an insurance application, not in a claim. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Crouch*, 706 S.W.2d 203 (Ky. Ct. App. 1986).

The Stewarts acknowledge that this case does not implicate their insurance application but argue that paragraph 10(b) is still unenforceable because it conflicts with the statute. The Stewarts lack standing to make that argument. Even if the court were to agree with the Stewarts, the statute would provide them no redress

2

because it applies only to insurance applications. *See Fednav, Ltd. v. Chester*, 547 F.3d 607, 614-16 (6th Cir. 2008).

The Stewarts alternatively argue that paragraph 10(b), even if enforceable, applies only to applications, not claims. That paragraph, however, applies to "eligibility or claim entitlement." R. 80 Ex. 1 at 118. This action is about claim entitlement: the Stewarts' entitlement to claims they filed after the fire. The Stewarts hypothesize that the policy includes the term "claim entitlement" to cover a scenario when a party applies for insurance coverage after a loss. Even if the term applies to that hypothetical scenario, it also applies to the scenario that allegedly occurred in this case.

Finally, the Stewarts argue that the court should find, at the very least, that the policy language is ambiguous and construe it in favor of the Stewarts. Although Kentucky courts construe ambiguous insurance policies in favor of coverage, a finding of ambiguity is a prerequisite. *Wolford v. Wolford*, 662 S.W.2d 835, 838 (Ky. 1984). Contract language is ambiguous when it is susceptible to multiple, inconsistent interpretations. *Frear v. P.T.A. Indus.*, 103 S.W.3d 99, 106 & n.12 (Ky. 2003) (citations omitted).

Paragraph 10(b), as it applies to this case, is not susceptible to inconsistent interpretations. The Stewarts offer only a hypothetical interpretation that might apply to a scenario other than the one that allegedly occurred in this case. An interpretation that might apply to another case is not inconsistent with the

interpretation that does apply to this case. The Stewarts fail to offer an inconsistent interpretation that applies to this case.

For the foregoing reasons,

**IT IS ORDERED** that the Stewarts' motion for partial summary judgment (R. 80) is **DENIED**.

Signed on May 13, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY